UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAIL PANNY,

        Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC, ET. AL.,

        Defendant.

                                    /

Case No. 14-13866

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER AND OPINION GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [21]; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [37]; DENYING AS MOOT PLAINTIFF'S MOTION TO SET ASIDE SHERRIFF'S DEED [23]**

Defendant PennyMac removed this action from state court on October 7, 2014. On March 27, 2015, Defendant PennyMac filed a Motion to Dismiss Plaintiff's Amended Complaint [21]. Plaintiff responded on February 28, 2016 [40] and Defendant PennyMac replied on March 10, 2016 [41]. Plaintiff filed a Motion to Set Aside the Sherriff's Deed on April 7, 2015 [23]. On December 16, 2015, Defendant Bank of America, N.A. filed a Motion to Dismiss Plaintiff's Amended Complaint [37].

1

The Court finds the motion suitable for determination without a hearing, in accord with Local Rule 7.1(f)(2), with respect to all of Plaintiff's claims.

For the reasons stated below, Defendant PennyMac's Motion to Dismiss the Amended Complaint [21] is **GRANTED in part** and **DENIED in part.** Additionally, Defendant Bank of America N.A.'s Motion to Dismiss [37] is **DENIED as moot** and Plaintiff's Motion to Set Aside Sherriff's Deed [23] is **DENIED as moot**.

## FACTS

On March 11, 2008, Plaintiff obtained a loan in the amount of $465,300.00 secured by a mortgage on Plaintiff's house located at 3700 Orchard Lake Road, Orchard Lake, Michigan. The mortgage was first assigned to BANA on September 26, 2011. In 2012, Plaintiff defaulted on her Mortgage and BANA and Plaintiff engaged in unsuccessful loss mitigation efforts. On October 22, 2013, the Mortgage was assigned from BANA to Defendant PennyMac Mortgage Investment Trust Holdings, I, LLC, n/k/a Penny Mac Loan Services, LLC (PennyMac). Servicing rights for the Mortgage and Note were also transferred in 2013 to PennyMac. Once again, loss mitigation efforts were unsuccessful and PennyMac initiated foreclosure proceedings on the defaulted property in the summer of 2014.

Plaintiff filed this case in the Oakland County Circuit Court on September 4, 2014, claiming the following: declaratory relief that the foreclosure violates M.C.L. 600.3204(1) and (3); violation of Truth in Lending Act Re: the assignments; Violation of Real Estate Settlement Procedures Act Re: the assignments; Breach of Contract- Mortgage; Intentional Fraud; Constructive Fraud; Violation of Truth in Lending Act: Regulation Z; Violation of Regulation of Collection Practices Act; Violation of Michigan's Occupational Code; and Violation of Michigan's Mortgage Brokers, Lenders and Servicers Licensing Act.

On September 4, 2014, Plaintiff also filed a motion seeking to enjoin the Sherriff's sale and the Oakland County Circuit Court entered a temporary restraining order (TRO) on the same day. Per this Order, Plaintiff was required to serve Defendant Bank of America and PennyMac with the Order. However, technical difficulties rendered Plaintiff unable to serve PennyMac, and the Sherriff sale went forward on September 9, 2014 during the 14 day time period that the sale was supposed to be enjoined per the TRO. The property was purchased by Defendant Citi Investment Group Corp.

1. **DEFENDANT PENNYMAC'S MOTION TO DISMISS [21]**

### LEGAL STANDARD

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

### ANALYSIS

a. **COUNTS 1 AND 2**

Per Plaintiff's Notice of Dismissal filed on February 28, 2016 [39], Counts 1 and 2 have been dismissed in their entirety. All that remains to be decided are Counts 3, 4, and 5, as brought against Defendant PennyMac and Citi Investment Group Corp.

b. **COUNT 3: DECLARATORY RELIEF: SET ASIDE SHERRIFF'S SALE CONDUCTED IN VIOLATION OF INJUNCTION**

Plaintiff alleges that the Sherriff's Deed should be set aside for being void *ab initio* because the sale was issued in direct violation of the TRO. Plaintiff cites one case in support of their proposition, *Davenport v. HSBC*, which found that a

defect in the foreclosure proceedings led to a holding that the sale was void *ab initio* rather than merely voidable. 275 Mich. App. 344 (2007). However this case, and specifically this holding, was expressly abrogated in *Kim v. JP Morgan Chase Bank, N.A.* which held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 114 (2012). To support this abrogation, the *Kuschinksi v. Equitable & Central Trust* case was cited. In that case, identical to the present facts, the Court "considered a foreclosure undertaken in violation of a restraining order" and resulted in the Court holding that a sale done in violation of a restraining order would be merely "voidable and not void." *Id.*

As the sale is merely voidable, to set aside the Sherriff's Deed, "plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204." *Id* at 115-16. In order to show that she was prejudiced, Plaintiff "must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance." *Id.*

Plaintiff contends that she was prejudiced because, if the Sherriff's sale had not taken place per the TRO, she would have been able to possibly reinstate her mortgage from default by possibly filing for Chapter 13 bankruptcy and spread the approximately $100,000 she owed over 60 months. Instead, the Sherriff's sale

5

required her have to redeem her mortgage at the Sherriff's sale price of $561,150.64 plus interest per the Sherriff's deed [21-7].

Plaintiff cannot demonstrate that she was actually prejudiced by the Sherriff's sale because it cannot be shown that she would have been in a better position absent the early Sherriff's Sale. Plaintiff has not demonstrated that it would have been possible to reinstate her mortgage rather than have to redeem it. Plaintiff has voluntarily dismissed all claims outside of the declaratory relief surrounding the Sherriff's Sale, and there are no facts to suggest that Defendant PennyMac failed to follow the statutory requirements in the foreclosure proceeding. There is no evidence that a preliminary injunction would have issued and Defendant would not have been allowed to conduct the Sherriff's Sale as soon as the 14 days of the TRO expired on September 18, 2014. Additionally, there is no dispute that Plaintiff was in default on the mortgage and did not take any action prior to the sale to remedy the default, and has continued to not take action, failing to redeem the property as of the March 9, 2015 deadline. Therefore, Defendant's Motion to Dismiss is granted and this claim is dismissed.

    c. **COUNTS 4 AND 5**

Count 4 is seeking declaratory relief in the form of setting aside the Sherriff's Sale due to Defendant Citi not being authorized to conduct business in

Michigan and Count 5 is seeking declaratory relief re: redemption for Citi's alleged violation of MCL 600.3248. Defendant PennyMac does not address these Counts in its Motion. PennyMac contends that these claims are directed solely at Defendant Citi Investment Group Corp. (Citi). Plaintiff maintains that these claims address both Defendant PennyMac and Defendant Citi Investment Group Corp., because PennyMac is a necessary party under Federal Rule of Civil Procedure 19(a)(1) (Fed. R. Civ. P. 19(a)(1)). Defendant PennyMac does not substantively respond to this argument in their reply.

 Fed. R. Civ. P. 19(a)(1) defines a required party as a party who "in that person's absence, the court cannot accord complete relief among existing parties." In each claim, Plaintiff is seeking to set aside and/or redeem the proceeds from the Sherriff's Sale. PennyMac is the assignee mortgagee of the Sherriff's Deed at issue in these claims. As such, PennyMac is a necessary party to these remaining claims, as it is required to effect complete relief if Plaintiff prevails on these remaining claims.

 Defendant Citi filed a Motion to Dismiss on March 14, 2016 [42] that addresses these claims. Once a response and reply has been filed, the Court will rule on these claims. Defendant PennyMac remains a required party to these

claims. Therefore, Defendant PennyMac's Motion to Dismiss is denied in regards to the request to dismiss counts 4 and 5 against PennyMac.

### 2. DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS [37]

On February 28, 2016, Plaintiffs filed a notice of voluntary dismissal which dismissed Defendant Bank of America, N.A. from all claims, and dismissed counts 1 and 2 in their entirety as well. Therefore, Defendant Bank of America N.A's Motion to Dismiss [37] is **DENIED as moot.**

### 3. PLAINTIFF'S MOTION TO SET ASIDE SHERRIFF'S DEED [23]

Plaintiff's Motion to Set Aside Sherriff's Deed [23] mirrors the remaining claims in the Amended Complaint [17]. In their Motion to Dismiss, Defendants state that the filing of the Amended Complaint eliminated the need for Defendants to respond to the Motion to Set Aside Sherriff's Deed and the Court agrees. The issue of the setting aside of the Sherriff's Deed will be resolved upon the resolution of the case and this Motion is not needed to resolve the issue. Therefore Plaintiff's Motion to Set Aside Sherriff's Deed [23] is **DENIED as moot.**

**IT IS ORDERED** that Defendant PennyMac's Motion to Dismiss [21] is **GRANTED** in respect to Count 3 and **DENIED** in respect to Counts 4 and 5.

**IT IS FURTHER ORDERED** that Defendant Bank of America N.A.'s Motion to Dismiss [37] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Aside Sherriff's Deed [23] is **DENIED as moot.**

**SO ORDERED**.

|  | s/Arthur J. Tarnow |
|---|---|
|  | Arthur J. Tarnow |
| Dated: March 21, 2016 | Senior United States District Judge |