UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAIL PANNY,

        Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC, ET.
AL.,

        Defendants.

_____/

Case No.14-13866

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [42]**

Plaintiff is seeking to contest the sale of her foreclosed property at a Sherriff's sale on September 9, 2014. Defendant PennyMac Loan Services removed this action from state court on October 7, 2014. Plaintiff amended her complaint on March 13, 2015 [17] adding Citi Investment Group Corp. as a Defendant. On March 14, 2016, Defendant Citi Investment Group Corp. (Defendant Citi) filed a Motion to Dismiss Plaintiff's First Amended Complaint [42]. Plaintiff responded on May 17, 2016 [45] and Defendant Citi replied on May 25, 2016 [48].

1

The Court finds the motion suitable for determination without a hearing, in accord with Local Rule 7.1(f)(2), with respect to all of Plaintiff's claims.

For the reasons stated below, Defendant Citi's Motion to Dismiss Plaintiff's First Amended Complaint [42] is **GRANTED**.

## FACTS[1]

On March 11, 2008, Plaintiff obtained a loan in the amount of $465,300.00 secured by a mortgage on Plaintiff's house located at 3700 Orchard Lake Road, Orchard Lake, Michigan. The mortgage was first assigned to BANA on September 26, 2011. In 2012, Plaintiff defaulted on her Mortgage and BANA and Plaintiff engaged in unsuccessful loss mitigation efforts. On October 22, 2013, the Mortgage was assigned from BANA to Defendant PennyMac Mortgage Investment Trust Holdings, I, LLC, n/k/a Penny Mac Loan Services, LLC (PennyMac). Servicing rights for the Mortgage and Note were also transferred in 2013 to PennyMac. Once again, loss mitigation efforts were unsuccessful and PennyMac initiated foreclosure proceedings on the defaulted property in the summer of 2014.

---

[1] The facts are taken from the Court's previous Order in this case granting in part and denying in part Defendant PennyMac Loan Services, LLC's Motion to Dismiss [43] filed on March 21, 2016.

Plaintiff filed this case in the Oakland County Circuit Court on September 4, 2014. Plaintiff also filed a motion seeking to enjoin the Sheriff's sale on September 4, 2014 and the Oakland County Circuit Court entered a temporary restraining order (TRO) on the same day. Per this Order, Plaintiff was required to serve Defendant Bank of America and PennyMac with the Order. However, technical difficulties rendered Plaintiff unable to serve PennyMac, and the Sherriff sale went forward on September 9, 2014 during the 14 day time period that the sale was supposed to be enjoined per the TRO. The property was purchased by Defendant Citi Investment Group Corp. and Plaintiff failed to redeem the Property.

## LEGAL STANDARD

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

### ANALYSIS

#### a. COUNTS I AND II

Per Plaintiff's Notice of Dismissal filed on February 28, 2016 [39], Counts I and II have been dismissed in their entirety. In a Court order entered on March 26, 2016, Defendant PennyMac's Motion to Dismiss Counts III against them was granted by the Court but denied as to Counts IV and V, as they are an indispensable party under Federal Rule of Civil Procedure 19(a)(1). All that remains to be decided are Count III against Defendant Citi Investment Group Corp. and Counts IV, and V as brought against Defendant PennyMac and Citi Investment Group Corp.

#### b. COUNT III: DECLARATORY RELIEF: SET ASIDE SHERIFF'S SALE CONDUCTED IN VIOLATION OF INJUNCTION

Plaintiff alleges that Defendant PennyMac did not have a right to foreclose at the time of the Sheriff's sale because the TRO that Plaintiff had obtained was still in full force on the day of the sale and requests that the sale be found void *ab initio*.[2]

---

[2] The Court addressed this claim in its Order entered on March 21, 2016 and explained that a foreclosure undertaken in violation of a TRO results in a foreclosure that is voidable, not void *ab initio*. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 114 (2012). Therefore, the Court's analysis of the claim will consider the foreclosure voidable, not void *ab initio*.

4

Michigan Courts have held that to invalidate a foreclosure sale once the statutory redemption period has elapsed, the sale can be set aside by the Court only if the mortgageor had made "a clear showing of fraud, or irregularity." *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013); *citing Schulthies v. Barron*, 16 Mich. App. 246, 248 (1969). To prove a foreclosure defect claim, "plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115 (2012). To demonstrate this prejudice, a Plaintiff must "show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*.

In a previous order granting in part and denying in part Defendant PennyMac's Motion to Dismiss Plaintiff's First Amended Complaint [37], the Court held that Plaintiff had not shown any prejudice and the response to this currently pending Motion to Dismiss does not introduce any new arguments for the Court to consider regarding their previous holding on the issue of prejudice. Therefore, the Court reiterates its holding concerning the finding of no prejudice:

> Plaintiff contends that she was prejudiced because, if the Sherriff's sale had not taken place per the TRO, she would have been able to possibly reinstate her mortgage from default by possibly filing for Chapter 13 bankruptcy and spread the approximately $100,000 she owed over 60 months. Instead, the Sherriff's sale required her have to

5

redeem her mortgage at the Sherriff's sale price of $561,150.64 plus
interest per the Sherriff's deed [21-7].

Plaintiff cannot demonstrate that she was actually prejudiced by the
Sherriff's sale because it cannot be shown that she would have been in
a better position absent the early Sherriff's Sale. Plaintiff has not
demonstrated that it would have been possible to reinstate her
mortgage rather than have to redeem it. Plaintiff has voluntarily
dismissed all claims outside of the declaratory relief surrounding the
Sherriff's Sale, and there are no facts to suggest that Defendant
PennyMac failed to follow the statutory requirements in the
foreclosure proceeding. There is no evidence that a preliminary
injunction would have issued and Defendant would not have been
allowed to conduct the Sherriff's Sale as soon as the 14 days of the
TRO expired on September 18, 2014. Additionally, there is no dispute
that Plaintiff was in default on the mortgage and did not take any
action prior to the sale to remedy the default, and has continued to not
take action, failing to redeem the property as of the March 9, 2015
deadline.

[43 at 5-6].

Additionally, Plaintiff alleges that Citi did not have a certificate of authority

at the time of the Sherriff's sale to transact business in Michigan and therefore was

an illegal sale [45 at 13]. However, the merit of this allegation has no impact on the

claim as, per Michigan law, what is at issue is the question of a failure to comply

with MCL 600.3204. As the Court has already held, there are no facts to suggest

that Defendant PennyMac failed to follow the statutory requirements, and as a

third-party purchaser, Defendant Citi had no statutory obligations concerning the

foreclosure sale.

Therefore, Count III is dismissed with prejudice.

### c. COUNT IV: DECLARATORY RELIEF: SET ASIDE SHERIFF'S SALE TO COMPANY NOT AUTHORIZED TO CONDUCT BUSINESS IN MICHIGAN

In Count IV, Plaintiff requests that the Sheriff's sale be set aside because Defendant Citi is allegedly not authorized to conduct business in Michigan, and thus lacked the legal authority to purchase the Property at the sale.

It is not disputed by the parties that only the Attorney General has the authority to bring a suit against Defendant Citi and assess monetary penalties for violation of the licensing requirement. *See* MCL 450.5010; *Miller v. Allstate Ins. Co.*, 481 Mich. 601, 615 (2008). However, in her response brief, Plaintiff attests that she is not seeking penalties for the violation of the statute, but instead is seeking equitable relief from the Court in the form of setting aside the Sheriff's Deed.

The statute that underlays Plaintiff's equitable relief claim is the Michigan Business Corporation Act (MBCA), and the Court looks to the law to base its decision for possible equitable relief. Under the MBCA, a corporation is not considered to be conducting business if the corporation owns real or personal property. MCL 450.2012(1)(i). Since one must first buy property to own it, it follows that the action of Defendant Citi purchasing Plaintiff's Property at the Sheriff's Sale was not a violation of the MBCA, and that Defendant Citi had legal

authority to make the purchase. Thus the act of Citi purchasing the Property was not a "structural defect" of the sale. Additionally, under the MBCA, even if Defendant Citi did violate the law when they purchased the Property, the statute explicitly provides that, if a business fails to obtain a certificate of authority to transact business in Michigan, "the validity of a contract or act of the corporation" is not impaired. MCL 450.2051.

Because Defendant Citi had the legal authority to purchase the Property at the Sheriff's sale, the Court denies Plaintiff's request for equitable relief and Count IV is dismissed with prejudice.

### d.  COUNT V: DECLARATORY RELIEF RE: REDEMPTION

In Count V, Plaintiff requests declaratory relief with respect to the redemption based upon the allegation that Defendant Citi refused to accept redemption funds tendered by the Servicer in violation of MCL 600.3240.

Under MCL 600.3240, upon purchasing property from a Sheriff sale, the purchaser "shall provide an affidavit with the deed to be recorded…that states the exact amount required to redeem the property under this subsection." MCL 600.3240(2).  In order to redeem the property, the purchaser must pay the statutorily required amount to any of the following: the purchaser, the purchaser's

personal representative or assigns, or "to the register of deeds in whose office the deed is deposited for the benefit of the purchaser." *Id*.

Defendant Citi fulfilled its obligation under MCL 600.3240 when this affidavit was submitted to the Oakland County Register of Deeds on September 16, 2014. [42- Exhibit A]. If Plaintiff wished to redeem the Property, she was not required to pay the redemption price to the purchaser and wait for them to accept it; all that was required was to pay the money to the register of deeds where the affidavit and deed were placed by Defendant Citi. Per MCL 600.3240(1), there is no need for the purchaser to accept the funds; once the payment is made, the property is redeemed. There are no facts alleged showing that Plaintiff or the Servicer ever posted the redemption funds at the Office of Deeds to redeem the property as required by statute. [3] Plaintiff fails to allege any facts to suggest that Defendant Citi violated MCL 600.3240. Therefore, Count V is dismissed with prejudice for failure to state a claim.

## CONCLUSION

Per Plaintiff's notice of voluntary dismissal, Counts I and II are dismissed with prejudice. For the reasons stated above, the Court dismisses with prejudice

---

[3] In the response brief [45], Plaintiff did not respond to Defendant Citi's legal arguments for the dismissal of Count V. Therefore, the Court relies solely on the information contained in Plaintiff's Amended Complaint to analyze the validity of Count V.

Counts III, IV and V against Defendant Citi and Defendant PennyMac.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [42] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is

**DISMISSED with prejudice.**

**SO ORDERED**.


                              s/Arthur J. Tarnow
                              Arthur J. Tarnow
Dated:  June 7, 2016          Senior United States District Judge